UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE C. BENITEZ, on behalf
of himself and all others similarly
situated,

    Plaintiffs,

v.                                                                  Case No: 8:21-cv-0221-KKM-TGW

FGO DELIVERS, LLC,

    Defendant.
_____

# ORDER

    Plaintiff Jose Benitez and Defendant FGO Delivers filed a joint motion seeking preliminary approval of a class action settlement to resolve the claims in this action. (Doc. 26.) Because the settlement developed before the class was certified, the parties also request a preliminary certification of the class for settlement purposes and approval of the proposed notice to the class. Finally, the parties request a fairness hearing to consider the settlement after class members have received notice and had the opportunity to opt-out of the class or object to the settlement. After consideration, the Court grants the motion.

I. BACKGROUND

On December 22, 2020, Plaintiff Jose Benitez filed this action in state court asserting nationwide class claims against Defendant FGO Delivers LLC. (Doc. 26 at 2.) Benitez alleges that FGO violated the Fair Credit Reporting Act (FCRA) by failing to comply with the Act's disclosure and authorization requirements related to consumer reports procured for employment purposes and "by also failing to provide pre-adverse notice before taking adverse action against applicants based on the contents of a consumer report." (Doc. 23 at 3–4; Doc. 1-2.) FGO removed to federal court, (Doc. 1), and filed an answer denying Benitez's allegations and asserting affirmative defenses, (Doc. 6). After extensive discovery, the parties held a mediation conference on August 17, 2021. (Doc. 21.) During mediation, the parties reached a settlement on the claims for the entire class of approximately 9,000 members. (Doc. 22.) On October 10, 2021, the parties filed a joint motion seeking approval of the class settlement and class certification for the purposes of settlement. (Doc. 27.)

II. LEGAL STANDARD

Rule 23(e) requires that federal courts approve proposed settlements for class action suits, as well as for a "class proposed to be certified for purposes of settlement." Fed. R. Civ. P. 23(e). A court may only approve the settlement if "it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "At the preliminary approval stage, the Court's task is

to evaluate whether the Settlement is within the 'range of reasonableness.'" *In re Checking Acct. Overdraft Litig.*, 275 F.R.D. 654, 661 (S.D. Fla. 2011) (quotation omitted). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-cv-60646, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010).

### III. ANALYSIS

The parties' joint motion requests that this Court certify two classes for purposes of settlement and preliminarily approve the proposed settlement. In addition, this Court addresses class counsel appointment, notice to class members and their opportunity to object or opt-out, timing for any motion for attorney's fees and expenses, timing for the motion for final approval of the settlement, and timing for a final fairness hearing.

#### A. Preliminary Approval of Proposed Settlement

This Court preliminarily approves the parties' settlement agreement, including its exhibits, because the settlement is fair, reasonable, adequate, and within the range of reasonableness for preliminarily approval. *See* Fed. R. Civ. P. 23(e); *In re Checking Acct. Overdraft Litig.*, 275 F.R.D. at 661. The Court also finds that the settlement agreement resulted from extensive arm's length negations and is sufficient to warrant notice of the

3

settlement to persons in the settlement classes and a full hearing on the approval of the settlement.

### B. Class Certification for Settlement Purposes Only

The parties seek certification of two settlement classes based on Rule 23(b)(3) of the Federal Rules of Civil Procedure. The usual Rule 23 standards govern certification of a class solely for purposes of settlement. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). To certify a class, the parties must satisfy the criteria set out in Rule 23(a) and at least one subsection of Rule 23(b). *See Heaven v. Trust Co. Bank*, 118 F.3d 735, 737 (11th Cir. 1997). For the limited purpose of settlement and on the condition that the Court finally approves the proposed settlement agreement, this Court certifies the parties' proposed classes.

#### 1. Rule 23(a) Requirements

The proposed settlement classes satisfy the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a). The proposed settlement classes are comprised of approximately 9,000 individuals. It is, thus, "so numerous that joinder of all members is impractical." Fed. R. Civ P. 23(a)(1); *see Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (observing that classes over 40 members usually satisfy the numerosity requirement).

4

Since all the claims concern whether FGO is liable for statutory damages under FCRA for the same kinds of violations, there are questions of law and fact common to the proposed settlement classes. *See* Fed. R. Civ P. 23(a)(2); *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) ("[C]ommonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members." (internal quotation marks omitted)); *see also Graham v. Pyramid Healthcare Sols., Inc.*, No. 8:16-cv-1324-T-30AAS, 2016 WL 6248309, at 5 (M.D. Fla. June 28, 2017) (Moody, J.) (finding common questions of law and fact in a similar FCRA putative class action).

Benitez claims are typical of the claims of the class members being resolved through the proposed settlement. *See* Fed. R. Civ. P. 23(a)(3). As the parties explain, Benitez and the class members would likely have similar legal contentions, including that "Defendant's FCRA form(s) failed to satisfy the requirements under the FCRA and Defendant failed to provide sufficient notice in advance of taking adverse action on the basis of the consumer report." (Doc. 26 at 16.) Accordingly, there is a "sufficient nexus" between Benitez's claims as "the named representative and those of the class at large." *Bushy v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1323 (11th Cir. 2008) (quotation omitted).

Finally, Benitez is capable of "fairly and adequately" protecting the interests of the proposed classes, Fed. R. Civ. P. 23(a)(3), as there are no apparent conflicts of interest between Benitez and the class members, and Benitez has retained competent counsel who

have and will adequately prosecute this action throughout settlement, *see Bushy*, 513 F.3d at 1323.

### 2. Rule 23(b) Requirements

The proposed settlement classes also satisfy the predominance and superiority requirements for a damages class action. *See* Fed. R. Civ. P. 23(b)(3). Given the similarity between Benitez and the class members' claims and FGO's common defenses, this Court finds that common questions of law and fact predominate over those questions that only affect individual members of the settlement classes. Thus, the settlement classes are sufficiently cohesive to warrant class certification for settlement purposes. *See* Fed. R. Civ. P. 23(b)(3). This Court also finds that certification of the class for settlement purposes appears superior to other available methods to resolve the claims at issue. *Id.*; *see In re Checking Acct. Overdraft Litig.*, 275 F.R.D. at 660 (concluding that class resolution for the numerous settlement class members in a single, coordinated proceeding was superior to individual lawsuits addressing the same issues).

Since the requirements of Rule 23(a) and 23(b)(3) are satisfied, this Court conditionally certifies, for settlement purposes only, the following settlement classes under Rule 23(c):

<u>Disclosure Form Settlement Class</u>: All individuals who were the subject of a consumer report that was procured by FGO within two years prior to the filing of the complaint up to August 17, 2021.

<u>Pre-Adverse Action Notice Subclass</u>: All individuals who were not approved by FGO to work based on information contained in a consumer report within two years prior to the filing of the complaint up to August 17, 2021.

### C. Class Counsel

Based on the considerations in Rule 23(g) and the declarations appended to the parties' joint motion, the Court appoints Luis A. Cabassa, Brandon J. Hill, and Craig C. Marchiando as Class Counsel for the settlement classes.

### D. Class Notice

The Court approves the parties' class notice proposal in accordance with the schedule included in the settlement agreement, finding that it constitutes "the best notice practicable under the circumstances." Fed. R. Civ. P. 23(c); *see Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).

### E. Initial Motion for Fees and Expenses

Under Rule 23(h), the Court directs Class Counsel to file a motion for attorney's fees and expenses at least fourteen days before the objection period expires.

### F. Motion for Final Approval of Settlement

Under Rule 23(e), the Court directs the parties to file a joint motion for final approval of the settlement at least fourteen days prior to the final hearing, so no later than February 2, 2022.

### G. Opt-Outs and Objections

Putative members of the settlement classes may opt-out of the class or object to the settlement under the procedures and schedule included in the settlement agreement. *See* Fed. R. Civ. P. 23(c)(2)(B).

### H. Final Approval Hearing

As required by Federal Rule of Civil Procedure 23(e)(2), this Court will hold a hearing to determine whether the settlement is fair, reasonable, and adequate. The final approval hearing is set for February 16, 2022, at 9:00 a.m. in Courtroom 13B, United States Courthouse for the Middle District of Florida, 801 North Florida Avenue, Tampa, Florida, 33602.

## IV. CONCLUSION

For the foregoing reasons, this Court preliminarily approves the parties' proposed class certification for the purposes of settlement and the proposed class settlement.

Therefore, as provided above, the following is **ORDERED:**

1.  The Court appoints Luis A. Cabassa, Brandon J. Hill, and Craig C. Marchiando as Class Counsel.

2. The Court directs Class Counsel to provide notice to class members in compliance with the proposed settlement agreement and Federal Rule of Civil Procedure 23(c).

3. The Court directs Class Counsel to file a motion for attorney's fees and expenses at least fourteen days before the objection period expires.

4. The Court directs the parties to file a joint motion for final approval of the settlement at least fourteen days prior to the final hearing, so no later than **February 2, 2022**.

5. The Court will hold a fairness hearing on **February 16, 2022**, at **9:00 a.m.** in Courtroom 13B, United States Courthouse for the Middle District of Florida, 801 North Florida Avenue, Tampa, Florida, 33602.

**ORDERED** in Tampa, Florida, on October 18, 2021.

Kathryn Kimball Mizelle
United States District Judge